UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x

UNITED STATES OF AMERICA,

                              ,

                -against-                                              17-cr-0149 (LAK)

JOSE SANTIAGO-ORTIZ,

                    Defendant.
-------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 - 8 - 25

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Defendant was convicted of (1) murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and (2); (2) murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; (3) conspiring to distribute, and possessing with intent to distribute, one kilogram or more of heroin, in violation of 21 U.S.C. § 846; (4) murder through use of a firearm, in violation of 18 U.S.C. § 924(j); and (5) using, carrying, and possessing firearms during and in relation to a narcotics trafficking conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. He was sentenced to a terms of life imprisonment on each of the five counts, the terms on the first three counts to be served concurrently, that on the fourth count to be served consecutively to those on Counts 1 through 3, and that on the fifth count to be served consecutively to that on the fourth count – in other words, three consecutive life terms. The conviction and sentence were affirmed on appeal. His 2255 motion was denied. He now moves for the appointment of CJA counsel for the purpose of preparing a motion for compassionate release 18 U.S.C. § 3582(c)(1)(A) and the policy statement to USSG § 5H1.1. He claims principally that his alleged rehabilitation and service of approximately ten years in prison constitute the requisite "extraordinary and compelling reasons."

      Assuming — but certainly not deciding — that there are "extraordinary and compelling reasons" for a sentence reduction, no reduction may be granted unless it "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A). The relevant policy statement, USSG § 1B1.13, makes clear that the Court must consider the 3553(a) factors even if there are "extraordinary and compelling reasons" and may grant relief only if "the defendant is not a danger to the safety of any other person or to the community."

      Here no sentence reduction would be appropriate even if defendant had shown "extraordinary and compelling reasons." The prosecutor said at sentencing that this defendant "shot an innocent man, from just feet away, nine times in the middle of the night and then ran away," yet

2

showed no remorse whatever.  (Dkt 113 at 12)  He tried to intimidate witnesses during the trial.  (*Id.* at 13).  In passing sentence, the Court said:

> "I've tried, in the last 24-and-a-half years, what I suspect is more than my fair share of murder cases, and they're all different. And two or three of those stand out in my mind as especially senseless and vicious, and this is certainly one of them." (*Id.* at 15)

The Court noted also that the defendant "took another life for no reason at all, no good reason. And so, I think he is a remarkably dangerous human being." (*Id.* at 16)

In determining whether to appoint counsel for indigents who are not constitutionally entitled to representation at public expense, the Second Circuit has written that "the criteria to be used in making the decision included the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel. *The factor which commanded the most attention in the brief discussion was the merits.*" *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989) (emphasis added); *see also Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir. 1986) ("counsel is often unwarranted where the indigent's chances of success are extremely slim") (internal quotation marks and citation omitted).

Here, some factors weigh in favor of defendant's application. His "primary" language is Spanish and he claims indigency.  On the other hand, the nature of a sentence reduction motion is quite simple in the sense that it does not involve factual investigation of the sort that attends, for example, a civil employment discrimination or other tort case. But the overwhelmingly important fact is that the nature of the defendant's crimes were such that it is virtually inconceivable that a court could be persuaded that a sentence reduction here adequately would reflect the seriousness of the offense, promote respect for the law, provide just punishment, or provide adequate deterrence. Moreover, in view of defendant's behavior at trial and at sentencing, his attempts to intimidate witnesses, and his senseless and cold blooded murder, it seems equally unlikely that a court could be persuaded that his release or any material sentence reduction would not endanger the community.

Accordingly, defendant's application for the appointment of counsel is denied.

SO ORDERED.

Dated:        October 8, 2025

Lewis A. Kaplan
United States District Judge