UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

-against-                                                                    17-cr-0149 (LAK)

JOSE SANTIAGO-ORTIZ,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/17/2026

## MEMORANDUM AND ORDER DENYING MOTION
## FOR APPOINTMENT OF COUNSEL

LEWIS A. KAPLAN, *District Judge*.

        In 2018, Defendant was convicted of (1) murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; (2) murder during the commission of a narcotics related offense, in violation of 18 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; (3) conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. § 846; (4) murder through use of a firearm during a narcotics conspiracy, in violation of 18 U.S.C. §§ 942(j)(1) and 2; and (5) using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.[1] Defendant was sentenced to life imprisonment on each of the five counts, with the terms on counts one to three to be served concurrently,[2] the term on count four to be served consecutively to the concurrent terms, and the term on count five to be served consecutively to the term on counts one to four.[3] Thus, Defendant in substance is serving the equivalent of three consecutive life terms. The judgment was affirmed on appeal,[4] and a subsequent

---

[1] Dkts 12, 111.

[2] The terms on counts one and two are concurrent with each other and the term on count three is concurrent with the term on count one. Dkt 111.

[3] *Id.*

[4] Dkt 124.

motion under 28 U.S.C. § 2255 was denied.[5]

Defendant, appearing *pro se*, now moves for the appointment of counsel "for the purpose of filing a motion under the new Supreme Court ruling in 'Barrett v. United States', and/or any other applicable or necessary filings."[6]  In that case, the Supreme Court held that "Congress has not authorized convictions under both 18 U.S.C. §§ 924(c)(1)(A)(i) and (j) for one act that violates both provisions."[7]  Defendant was convicted under both of those provisions in counts four and five.

Ordinarily, a district court has discretion to appoint counsel for a defendant pursuing post-conviction relief if "the interests of justice so require,"[8] a standard that allows consideration of whether a defendant's forthcoming motion "seems likely to be of substance."[9]

Defendant does not indicate what procedural mechanism he anticipates using to seek relief.  To the extent he seeks appointment of counsel to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the interests of justice do not require the appointment of counsel because such a motion is not likely to be of substance.  A motion to vacate under Section 2255 provides the exclusive means by which a defendant may collaterally attack his federal conviction or sentence,[10] unless the defendant challenges only the legality of his detention without attacking the validity of his sentence or unless "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court."[11]  Neither exception to the general rule is applicable here.

But to the extent Defendant's petition seeks appointment of counsel to file a Section 2255 motion to vacate, this Court appears to lack jurisdiction to rule on it.  Because he already has filed one Section 2255 petition that was denied on the merits, he cannot file a second or successive

---

[5] Dkts 143, 147.

[6] Dkt 155 at 1.

[7] *Barrett v. United States*, 146 S. Ct. 482, 497 (2026).

[8] *See* 18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 2255(g).

[9] *Davis v. United States*, Nos. 25-cv-1781, 17-cr-610, 2025 WL 753541, at *2 (S.D.N.Y. Mar. 10, 2025) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

[10] *See* 28 U.S.C. § 2255(e).

[11] *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

petition without obtaining leave from the United States Court of Appeals for the Second Circuit.[12] This Court lacks jurisdiction to consider second or successive petitions that have not been so authorized.[13]  Relying on a Fifth Circuit case that held that a district court lacks jurisdiction to consider a motion to appoint counsel to file a second or successive petition,[14] the Second Circuit has held that a district court lacks jurisdiction to rule on a motion to extend the time to file a second or successive petition.[15]  On the reasoning of those cases, the Court lacks jurisdiction to consider whether to appoint counsel to allow Defendant to pursue a successive Section 2255 petition; such a request should be directed to the Second Circuit.

Because the Second Circuit has not squarely ruled on this jurisdictional question, however, the Court notes in the interests of judicial economy that the outcome would be the same on the merits.  Assuming Defendant could obtain authorization to file a successive Section 2255 motion, and assuming Defendant's convictions on counts four and five resulted from "one act"[16] notwithstanding that the indictment on those counts covered mutually exclusive time periods,[17] the Court would deny the motion under the concurrent sentence doctrine.[18]  Vacating one of Defendant's life sentences would not result in his release from prison any earlier, if ever.  Nor are there likely to be any adverse collateral consequences from leaving Defendant's convictions on both of counts four and five in place.  Even if one of the sentences on those counts were vacated, he would remain a convicted murderer (with all the social stigma that entails) and still would be subject to multiple life sentences without the possibility of parole (rendering recidivist statutes functionally irrelevant). Appointing counsel would be an exercise in futility.

---

[12] 28 U.S.C. § 2255(h).

[13] *See Forbes v. United States*, 121 F.4th 1013, 1016 (2d Cir. 2024) (per curiam) (citing *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003); *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998)).

[14] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

[15] *Forbes*, 121 F.4th at 1016.

[16] *Barrett*, 146 S. Ct. at 497.

[17] Dkt 12 at 6-7; *see also* Dkt 85 at 830, 841 (jury instructions).

[18] *See United States v. Ismoil*, 93-cr-180, 2023 WL 5029168, at *1 (S.D.N.Y. July 18, 2023).

4

For the forgoing reasons, the motion to appoint counsel (Dkt 155) is denied on the merits to the extent Defendant seeks to pursue a Section 2241 petition for a writ of habeas corpus and is denied for lack of jurisdiction to the extent Defendant seeks to pursue a Section 2255 motion to vacate.

SO ORDERED.

Dated:        March 17, 2026

Lewis A. Kaplan
United States District Judge